CLERK'S COPY
FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
99 MAR 10 PM 2: 21
[signature]
CLERK-SANTA FE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JANE DOE,

      Plaintiff,

vs.                               No. CV 98-725 SC/DJS

REGENTS OF THE UNIVERSITY OF
NEW MEXICO, and THE UNIVERSITY
OF NEW MEXICO SCHOOL OF MEDICINE,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendants' Motion to Dismiss, filed February 1, 1999 (Doc. No. 16). For the reasons discussed in this opinion, the motion will be GRANTED IN PART and DENIED IN PART; Plaintiff will be given leave to amend her Complaint to avoid complete dismissal.

Plaintiff is identified in the Complaint under the fictitious name of Jane Doe allegedly to protect her true identity for privacy reasons. She alleges in the Complaint that she was a medical student at the University of New Mexico School of Medicine where she successfully completed two years of medical school. In her third year, she experienced problems in the OB-Gyn department during a period of time when she was

1

being treated for clinical depression. She was required to take a six-month leave of absence, after which she returned to medical school with certain stipulations. She had to repeat the entire third year, even rotations she had passed, and was placed under special scrutiny to watch for behavioral problems. Within a couple months, Plaintiff was informed that she was to be dismissed from medical school. She appealed this decision unsuccessfully, and claims that the procedure used during the appeal process was inadequate to protect her interests.

Plaintiff brings this case under (1) the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, alleging that she was not afforded reasonable accommodation for her disability of clinical depression (Count I); (2) the Rehabilitation Act, 29 U.S.C. § 794, alleging she was not given reasonable accommodation, and that Defendants used gross misjudgment and/or bad faith in expelling her (Count II); (3) the Civil Rights Act, 42 U.S.C. § 1983, alleging she had a protected property and liberty interest in her continued education, and that she was dismissed without due process or equal protection in violation of the Fifth and Fourteenth Amendments to the United States Constitution (Count III); and (4) state law of breach of contract (Count IV).

*Fictitious Name*

Defendants first seek dismissal because Plaintiff is not identified by her real name in the Complaint. Rule 10 of the Federal Rules of Civil Procedure requires that "the complaint ... include the names of all the parties... ." Rule 17(a) requires that "[e]very

2

action shall be prosecuted in the name of the real party in interest...."

In deciding whether a party should be allowed to identify herself by a fictitious name, which is an unusual procedure to be used only where there is an important privacy interest to be recognized, I must weigh the party's need for anonymity against the public's interest in openness of court proceedings. M.M. v. Zavaras, 139 F.3d 798, 802, 803 (10th Cir. 1998); Lindsey v. Dayton-Hudson Corp., 592 F.2d 1118, 1125 (10th Cir.), *cert. denied*, 444 U.S. 856 (1979).

There is a strong public interest in ensuring openness in court proceedings.

> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.

M.M. v. Zavaras, 139 F.3d at 803 (*quoting* Doe v. Frank, 951 F.2d 320, 324 (11th Cir. 1992). In Doe v. Frank leave to proceed anonymously was denied where a former postal employee sued for unlawful discrimination because of his physical handicap i.e., alcoholism. In Coe v. U.S. Dist. Court for Dist. of Colorado, 676 F.2d 411 (10th Cir. 1982) a doctor, facing professional disciplinary proceedings arising from complaints of alleged sexual or immoral improprieties, was not allowed to sue using a fictitious name.

Plaintiff states that she would be subject to public ridicule as a result of the sensitive issues involved. Clinical depression, like any mental illness, may carry with it

3

the perception of a societal stigma; Plaintiff has, however, made no exceptional showing of the need for privacy in this case. She is seeking damages for alleged violations of federal laws that protect persons with disabilities. She also seeks reinstatement as a medical student at a publicly-supported medical school. Unlike a case challenging the constitutionality of a statute or practice in which the issue to be decided does not depend on the characteristics of the particular plaintiff, here the issues will include whether this Plaintiff was expelled from school because of her disability and the school's alleged failure to accommodate her, or for some other legitimate reason such as her qualifications or performance. In such a case, despite the potentially embarrassing effect on the plaintiff, it is necessarily harder to outweigh the public interest in disclosure of the plaintiff's name.

I find that the public interest in openness outweighs whatever privacy interest Plaintiff has in not disclosing her name to public view. Therefore, I conclude that this case should be dismissed unless Plaintiff is identified by her real name in the caption of the Complaint. Leave to amend will be granted.

*Count III - Civil Rights Act, 42 U.S.C. § 1983*

Defendants next seek dismissal of Count III. Defendants are The Regents of the University of New Mexico and the University of New Mexico School of Medicine.[1]

---

[1] Plaintiff concedes that the University of New Mexico School of Medicine is not a suable entity and agrees to proceed against the Regents as the sole defendant.

Although not specified in the Complaint, it is obvious that the Regents are sued in their official capacities because there are no specific allegations against any of them individually. Plaintiff does not contend she intended to sue the Regents in their individual capacities. Thus the case against the Regents is the same as a case against the entity of which they are agents, i.e., the University of New Mexico ("UNM"). *See* Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.").

UNM is a state educational institution created by Art. XII, § 11 of the New Mexico Constitution. State v. Regents of the University of New Mexico, 32 N.M. 428, 258 P. 571 (1927). The UNM School of Medicine and its Regents are "arms of the state," entitled to Eleventh Amendment immunity. Buchwald v. Univ. of New Mexico Sch. of Medicine, 159 F.3d 487, 494 and n.3 (10th Cir. 1998), *citing* Korgich v. Regents of New Mexico School of Mines, 582 F.2d 549, 551 (10th Cir. 1978) (holding New Mexico School of Mines is arm of state). *See also,* Watson v. Univ. of Utah Med. Center, 75 F.3d 569, 575 (10th Cir. 1996) ("Our cases have consistently found state universities are arms of the state."). As arms of the state, UNM and its Regents are not "persons" for purposes of § 1983 and cannot be sued for damages under that statute in either federal or state court. Will, 491 U.S. at 71.

I conclude that the Regents are not "persons" for purposes of awarding damages

under § 1983. However, I note that in Count III Plaintiff seeks compensatory damages and "such further relief as the Court may deem appropriate." Compl. at 6. This language is sufficient to invoke the injunctive power of the Court.[2] The Regents may be sued for injunctive relief in their official capacities for a violation of federal law. Will, 491 U.S. at 71 n.10; Buchwald, 159 F.3d at 496 ("plaintiff may maintain an action against the individual defendants in their official capacities to the extent she seeks a prospective injunction ordering her admission into UNMSM."). Therefore, I shall dismiss Count III only to the extent it seeks damages.

*Count IV - Breach of Contract*

Defendants contend that the Eleventh Amendment bars Plaintiff's breach of contract claim in Count IV. In her response, Plaintiff states she "will dismiss the breach of contract claim without prejudice." Resp. at 3. Eleventh Amendment immunity protects the State from being sued in federal court, and so this claim will be dismissed.

NOW THEREFORE IT IS ORDERED that this case will be dismissed in its entirety 30 days from the date of this order unless Plaintiff amends her Complaint to identify her real name;

---

[2] I also note that in Count V Plaintiff seeks a permanent injunction, ostensibly under her ADA and Rehabilitation Act claims, but at this stage of the proceedings I will consider that the express request for an injunction in Count V applies also to her § 1983 claim. I express no opinion on the viability of a claim for injunctive relief under § 1983 under the facts of this case, however.

IT IS FURTHER ORDERED that the University of New Mexico School of Medicine is hereby DISMISSED as a Defendant;

IT IS FURTHER ORDERED that Count III is hereby DISMISSED insofar as it seeks an award of damages; to the extent that it seeks injunctive relief, it will not be dismissed at this time;

IT IS FURTHER ORDERED that Count IV is hereby DISMISSED without prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff: Eric D. Dixon, Portales, N.M.

Counsel for Defendant: Paula I. Forney, STATE OF NEW MEXICO RMD-LEGAL BUREAU, Santa Fe, N.M.