IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

S.V. DIXON,
          Plaintiff,

vs.                                                 No. CV 98-725 SC/DJS

REGENTS OF THE UNIVERSITY
OF NEW MEXICO,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Plaintiff's Objection to Bill of Cost and Memorandum in Support, filed November 24, 1999 [Doc. No. 82]. The Court, having read the motions and memoranda and being apprised of the applicable law, concludes that Plaintiff's Objection is not well-taken. However, the Court will sua sponte disallow some of Defendant's costs.

In August 1999, Defendant filed a motion to tax costs and Plaintiff filed a timely response. On November 19, 1999, the Clerk entered an order settling costs against Plaintiff in the amount of $3357.68. Plaintiff challenges the Clerk's award of costs to Defendant in the amount of $79.36 for the subpoenaing of Dr. Carroll. Plaintiff contends that the subpoena was unnecessary because she had subpoenaed Dr. Carroll as her trial witness. Plaintiff further objects to the failure of the Clerk to apply the off-set requested by Plaintiff in the amount of $995.40. The off-set was for the expenses of Plaintiff which

Defendant allegedly agreed to pay pursuant to an oral agreement between the parties. Defendant contends that the agreement was significantly narrower than the one portrayed by Plaintiff and that no agreement was made by Defendant to reimburse Plaintiff for the majority of the expenses Plaintiff claims in her off-set request.

The Court applies a <u>de</u> <u>novo</u> standard in reviewing the Clerk's Order. See <u>Furr v. AT&T Technologies, Inc.</u>, 824 F.2d 1537, 1550 n.11 (10th Cir. 1987). In reviewing the propriety of the taxation of costs, the applicable federal statutes and local rules must be read together. The Court agrees with Defendant that Plaintiff's objections to the Clerk's bill of costs are not well-taken. As to Plaintiff's first objection, if Defendant wished to call Dr. Carroll as a witness at trial, it had to subpoena her, notwithstanding that Plaintiff had subpoenaed her. As to Plaintiff's second objection, any agreement made between the parties as to the payment of Plaintiff's expenses is between the parties and must be settled between the parties. The Court has no authority to enforce any such agreement. As for the remaining costs submitted by Defendant, the Court, <u>sua</u> <u>sponte</u>, concludes that they should be allowed with the following exceptions.

The Clerk cited 28 U.S.C. § 1920(3) as support for allowing the private service of process costs of Defendant. This was error. The witness fee contemplated by § 1920(3) is defined in, and limited by, 28 U.S.C. § 1821 to include attendance fees, travel expenses, and subsistence allowances. See <u>Hull v. United States</u>, 978 F.2d 570, 572-73 (1992) (citing <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 440-41 (1987)). Service of process fees are not included in the definition of "witness fee" and, therefore,

are not reimbursable under § 1920(3).  See 28 U.S.C. §§ 1821, 1920(3); D.N.M.L.R.-Civ. 54.2(c).

While a marshal's fee for serving a subpoena or summons for a witness can be taxed, see 28 U.S.C. §§ 1920(1) (marshal fees taxable), 1921(a)(1)(B) (taxable marshal fees include serving witness subpoena); see also Margaret Schulenberger, Annotation, Construction and Application of 28 U.S.C.A. § 1921 Authorizing Fees of United States Marshals to Be Collected and Taxed as Costs, 14 A.L.R. Fed. 901 (1973), there is a tripartite split of authority as to whether private service of process fees are taxable under 28 U.S.C. § 1920(1).  The first line of private service of process cases holds that under the plain language of § 1920(1), only service of process of fees of a marshal are taxable.  See, e.g., Crues v. KFC Corp., 768 F.2d 230, 234 (8th Cir. 1985); Cofield v. Crumpler, 179 F.R.D. 510, 515-16 (E.D.Va. 1998); Zdunek v. Washington Metro. Area Transit Auth., 100 F.R.D. 689, 692 (D.D.C. 1983).  The second line of private service of process cases propounds that times have changed since the enactment of § 1920(1) and marshals generally do not serve subpoenas, but have been replaced by private process servers.  This viewpoint further contends that by providing for the taxing of marshal service of process fees, Congress intended that service of process fees, generally, be taxable, and, thus, that private service of process fees are taxable under § 1920(1).[1]  See, e.g., Alflex

---

[1] There are obvious logical and policy reasons for allowing the taxation of private process of service fees.  Generally, service of process is a required litigation step.  See Fed. R. Civ. P. 4.  Private process servers are a part of modern litigation life.  See Collins v. Gorman, 96 F.3d 1057, 1058-59 (7th Cir. 1996).  Other standard litigation costs are taxable.  See 18 U.S.C. § 1920; D.N.M.L.R.-Civ. 54.2.

3

Corp. v. Underwriters Lab., Inc., 914 F.2d 175, 178 (9th Cir. 1990); Ortega v. IBP, Inc., 883 F. Supp. 558, 561 (D. Kan. 1995); Riofrio Anda v. Ralston Purina Co., 772 F. Supp. 46, 55 (D.P.R. 1991), aff'd, 959 F.2d 1149 (1st Cir. 1992). The third line of private service of process cases agrees both that courts are bound by Congress' plain statutory language and that private service of process fees are taxable. This approach limits private service of process fees to the amount that a marshal would have charged for performing the same task. See, e.g., Collins v. Gorman, 96 F.3d 1057, 1060 (7th Cir. 1996); United States ex rel. Evergreen Pipeline Constr. Co., Inc. v. Merritt Meridian Constr. Corp., 95 F.3d 153, 172 (2d Cir. 1996); Griffith v. Mt. Carmel Med. Ctr., 157 F.R.D. 499, 507-08 (D. Kan. 1994).

The Court agrees with the Seventh Circuit's well-reasoned "compromise" view that private service of process fees are taxable, so long as those costs do not exceed what the U.S. Marshal Service would have charged for the task and so long as the charged tasks are those which marshals are authorized to perform. See Collins, 96 F.3d at 1060.

Defendant submitted two costs for service of process fees. The first cost was for $45.00, plus $2.78 in sales tax, for the service of a subpoena on Dr. Carroll for her deposition. Service of process is a task which marshals are authorized to perform and the deposition service fee does not exceed what that U.S. Marshal's Office would have charged. See 28 U.S.C. § 1921(a); 28 C.F.R. § 0.114; see also 7 United States Marshals Serv., U.S. Dep't. of Justice, Policy and Procedures Manual 7-59 to 7-60 (2d ed. Dec. 1,

1994) (hereinafter Policy and Procedures Manual).[2]  Sales tax, however, is not an authorized expense for marshals to charge, and, thus, must be disallowed.[3]  See 28 U.S.C. § 1921(a); 28 C.F.R. § 0.114; see also Policy and Procedures Manual at 7-59 to 7-60.

The second service cost submitted by Defendant was for $75.00, plus $4.36 in sales tax, for service of a subpoena on Dr. Carroll for her appearance at trial. The trial service of process fee exceeds what the Marshal would have charged and includes tasks which marshals are not authorized to perform in serving process.  In addition to an attempted service fee and a service fee, the trial service fee includes an investigation fee of $30.00 for tracing or locating Dr. Carroll's residential address and her residential telephone number.  These are not tasks which the Marshal would have performed or could have charged legally.  Additionally, as stated above, sales tax is not an authorized reimbursable cost.  Consequently, the $30.00 fee and the sales tax of $4.36 on the total fee of $75.00 will be disallowed.

**NOW THEREFORE IT IS ORDERED** that Plaintiff's Objection to Bill of Cost and Memorandum in Support is PARTIALLY GRANTED and PARTIALLY DENIED.

---

[2] The U.S. Marshal charges $40.00, per deputy, for the first two hours, on any part thereof, during duty hours, and $20.00 for each additional on-duty hour, or any part thereof. A mileage rate of $0.31/mile also is charged. There is an additional $3.00 charge for forwarding the service to another judicial district.

[3] This Court has found that a gross receipts tax on attorney fees or document reproduction is within its discretion to award and is compensable under the Equal Access to Justice Act, 28 U.S.C. § 2412. See Ge v. Brown, No. 97-1077 SC/LCS (D.N.M. Feb. 2, 1999) (unpublished Memorandum Opinion and Order) (Doc. No. 11).

The cost of the deposition subpoena for Dr. Carroll is disallowed in the amount of $2.78 and the cost of the trial subpoena for Dr. Carroll is disallowed in the amount of $34.36, leaving a total allowed amount of $3320.54.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff: Eric D. Dixon, Portales, N.M.

Counsel for Defendant: Paula I. Forney, STATE OF NEW MEXICO RMD-LEGAL BUREAU, Santa Fe, N.M., and W. Ann Maggiore, STATE OF NEW MEXICO RMD-LEGAL BUREAU, Santa Fe, N.M.